# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

----------------------------------------------------------------------x

NADYA EVDOKIMOVA

                        Plaintiff,                           **COMPLAINT**

        -against-

MR. COOPER GROUP, INC.,                          *Plaintiff Requests a*
NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER     *Jury Trial*

                        Defendants.

                                                   x

The Plaintiff, Nadya Evdokimova ("Plaintiff"), by and through her attorneys, Butler

Tibbetts, LLC., as and for its Complaint allege as follows:

    1.  Plaintiff Nadya Evdokimova ("Plaintiff") is an individual and a resident of Miami,

Florida.

    2.  Defendant Mr. Cooper Group, Inc. ("Mr. Cooper") is a Texas Company with a

principal business address of 8950 Cypress Waters Boulevard, Coppell, Texas 75019-4620. Its'

Registered Agent for Service is Corporation Service Company DBA CSC-Lawyers Inco, 211 E.

7th Street, Suite 620, Austin, Texas 78701.

    3.  Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") is a foreign

limited liability company, licensed to do business in the State of Connecticut and registered with

the Connecticut Secretary of the State, having a principal business address as 8950 Cypress

Waters Boulevard, Dallas, Texas 75019. Its' Registered Agent for Service is Corporation

Service Company, Goodwin Square, 225 Asylum Street, 20th Floor, Hartford, Connecticut

06103.

**JURISDICTION**

4.  Subject matter jurisdiction is proper pursuant to 28 U.S.C. §1332.

5.  Venue is proper pursuant to 28 U.S.C. §1391 (b)(2) and §1391(c)(2).

**FACTUAL BACKGROUND**

6.  This action arises from the sale of an apartment located at 199 Gregory Boulevard in Norwalk, Connecticut ("property") in July of 2022.

7.  The Plaintiff was the owner of the property which was subject to a mortgage held by the Defendants, Nationstar Mortgage doing business in the state as Mr. Cooper (collectively "Defendants").

8.  The Plaintiff contracted to sell the property to buyers and a closing was scheduled for July 28, 2022.

9.  At the closing, the Defendants incorrectly calculated and determined that the payoff funds provided were short, or not enough to cover the payoff.

10. On August 5, 2022, almost a week after the closing, the defendant, Mr. Cooper, incorrectly returned the payoff funds to the escrow agent's account, claiming and believing incorrectly that the funds were a short payoff at the closing.

11. The Defendants failed to provide any notification, phone calls or messages to the escrow agent during the closing that the payoff was short, as is common business practice for this situation.

12. The Defendants failed to provide any notification, phone calls or messages to the escrow agent in the days immediately following the closing that the payoff was short.

13. The Defendants took no actions and made no communications or notifications to correct their mistaken belief of a short payoff and then returned the funds without notice to the escrow agent almost a week later.

14. The Defendants failed to advise, notify or communicate to the escrow agent that the funds had been returned to the escrow account on August 5, 2022.

15. Mr. Cooper failed to properly notate or distinguish the returned funds so that the source of the funds could be identified in the escrow account.

16. Mr. Cooper failed to advise or represent to the escrow agent the mistaken situation or the returned payoff funds.

17. On September 7, 2022, approximately a month after the funds had been unknowingly returned to the escrow account, the Plaintiff contacted the escrow agent regarding the defendant's claims that the payoff was short.

18. Immediately, the same day of becoming aware of the unmarked returned funds and the Defendants' incorrect assumption of a short payoff, the escrow agent wired the payoff funds including all additional interest that had accrued to Mr. Cooper.

19. Despite this immediate payment, Mr. Cooper reported the Plaintiff to the credit bureaus for a 30-day late payment, which caused a derogatory mark on the Plaintiff's credit rating.

20. This negative reporting resulted in a significant drop of the Plaintiff's credit rating from 808 on September 27, 2022, to 700 as of November 4, 2022.

21. The delayed payment was not a result of the Plaintiff's conduct or fault.

22. The Defendants' own negligent and incorrect actions caused the payment to be Delayed.

23. The Plaintiff has appealed to the credit bureaus requesting a restoration of her credit score to the 808 rating as of September 27, 2022 and advising that the late payment was the result of the defendant's actions, not of her doing or fault.

24. As of the date of this Complaint, the Defendants have not changed their reporting and the credit reports still show a derogatory mark.

## AS AND FOR THE FIRST COUNT
### (Violation of the Fair Credit Reporting Act)

25. The Plaintiff incorporates by reference paragraphs 1-24 of this Complaint as though fully stated herein.

26. Mr. Cooper is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

27. Mr. Cooper incorrectly and negligently reported the Plaintiff's payment as being late although the late payment was caused by the actions of the defendant; 1) in returning correct funds; 2) failing to properly notate or advise the escrow agent of the situation; and 3) failing to provide any notification or reference to the escrow agent of the returned funds.

28. The Defendants have failed to delete information found to be inaccurate, reinserted the information without following the FCRA or failed to thoroughly investigate the Plaintiff's disputes.

29. The Plaintiff alleges that at all relevant times herein, the Defendants failed to maintain and failed to follow reasonable procedures to assure maximum accuracy of the Plaintiff's credit report, violating 15 U.S.C. § 1681e(b).

30. The Plaintiff alleges that the Defendants failed to follow proper notice requirements under the FCRA such as notices of delinquency, notices of the possibility of derogatory marks on the Plaintiff's credit reports, and proper notice requirements for the Plaintiff to correct the purported errors, all in violation of FCRA.

31. The Plaintiff alleges that Defendants failed to conduct a proper and lawful investigation into her claims.

32. The Plaintiff alleges that at all times herein, the Defendants misrepresented the account information, balances due and owing and failed to represent accurate and detailed information that directly impacted the Plaintiff's credit score.

33. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm the Plaintiff and/or with the knowledge that their actions would harm the Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

34. All the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

35. As a result of the numerous FCRA violations by the Defendants, the Plaintiff has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, The Plaintiff requests that judgment be entered against the Defendants

for all damages allowed under the law (including statutory, actual, compensatory, nominal, and

punitive), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for

such other and further relief as may be just and proper.

BUTLER TIBBETTS, LLC.

By:

Timothy E. Butler
*Attorney for the Plaintiff*
181 Old Post Road
Southport, Connecticut 06890
203.656.1066 (phone)